UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | C/A No. 2:20-3376-BHH-MHC |
| | ) | |
| Cynthia Collie Holmes, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| | ) | |
| Cynthia Collie Holmes, | ) | |
| | ) | **ORDER** |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kevin Campbell, Trustee, | ) | |
| James Kevin Holmes, | ) | |
| | ) | |
| Appellees, | ) | |

This case is a pro se appeal from the United States Bankruptcy Court for the District of South Carolina filed by Appellant Cynthia Collie Holmes. The docket number for the underlying Bankruptcy Court action is Case No. 19-01644-DD (Adversary Proceeding No. 20-80046-DD).

On August 26, 2021, the Trustee filed a notice (ECF No. 45) of an Order from the Bankruptcy Court, dated August 3, 2021, dismissing the underlying bankruptcy case and a related adversary proceeding. *See In re Holmes*, No. 19-01644-DD, 2021 WL 3834168, at *1 (Bankr. D.S.C. Aug. 3, 2021) (docket number 142). The Bankruptcy Court found that the only asset in the bankruptcy estate available for liquidation was real property located on Sullivan's Island that Appellant jointly owns with her ex-husband, Appellee James Kevin Holmes ("Property"). *Id.* at *1–2. The Bankruptcy Court further found:

1

> The trustee has not begun to liquidate the Property and, due to litigation, may not be in a position to do so for some time. Litigation is pending, including appeals in the District Court, Court of Appeals, and state appellate courts. Other litigation is pending trial here and in the family court. This litigation will likely consume much of, if not all, the value of the bankruptcy estate. The trustee stated that he currently has costs and attorney's fees of $31,786.02. Legal fees are likely to increase exponentially and there will also be fees for appraisers, real estate agents, and accountants. There may be capital gains taxes. No bankruptcy purpose is likely served with the continued administration of the case. Debtor already has her discharge and the possibility of a dividend for the one creditor is uncertain, perhaps remote.

*Id.* at *2. Accordingly, the Bankruptcy Court granted Appellant Holmes's motion to dismiss and dismissed the underlying bankruptcy case and a related adversary proceeding, thereby ending administration of the bankruptcy estate without sale of the Property. *Id.*

According to the Bankruptcy Court's Order of Dismissal, Appellant Holmes agreed, as a condition of the dismissal, to the withdrawal of all pending appeals. *Id.* at *1. Further, the Bankruptcy Court's Order of Dismissal specifically stated, "Debtor and trustee are directed to seek dismissal of all pending appeals from Bankruptcy Court orders." *Id.* at *2.

The case currently pending before this Court is an appeal from Bankruptcy Court orders related to the administration of the underlying bankruptcy case and the anticipated sale of the Property.[1] However, no stipulation of dismissal or motion to dismiss this appeal has been filed, notwithstanding the Bankruptcy Court's Order of Dismissal.

Appellant Holmes is hereby **ORDERED** to inform the Court in writing, within ten days of the date of this Order, as to her intent to dismiss this case in accordance with the Bankruptcy Court's Order of Dismissal or otherwise show cause why the Bankruptcy Court's Order of

---

[1] The Trustee initiated the Adversary Proceeding (No. 20-80046-DD) against only Appellee James Kevin Holmes for the purpose of establishing that the Trustee has authorization to sell both the bankruptcy estate's interest and Mr. Holmes's interest in the Property. In the case presently before this Court, Appellant appealed, *inter alia*, Bankruptcy Court orders authorizing sale of the Property and denying her motion to intervene in the Adversary Proceeding. ECF Nos. 1, 1-2, 4.

Dismissal does not moot her appeal. If, within ten days of the date of this Order, Appellant does not file a stipulation of dismissal or motion to dismiss the appeal, and no party to the appeal submits an objection to dismissal of the appeal specifically showing cause as to why this appeal should not be dismissed as moot, the Court will dismiss this case as moot. *See Catawba Riverkeeper Found. v. N. Carolina Dep't of Transportation*, 843 F.3d 583, 588 (4th Cir. 2016) ("A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citation and internal quotation marks omitted).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 7, 2021
Charleston, South Carolina